GEORGE F. STILPHEN *v.* THOMAS F. FLANAGAN *& a.*

*John M. Mitchell,* for the plaintiff.

*Waldron & Boynton,* for the defendants.

PER CURIAM. Taken literally, the provision for survivorship applies only to the share of the sister first dying. Nothing is expressed to limit the share of the other sister. This literal meaning is held to express the real meaning of the will. No other meaning is manifest. The testatrix was concerned that the daughters should not be disturbed in their common ownership by alien interests other than such issue as they might leave. With that arrangement secured, it was her purpose that the daughters should own the property "in common," as the will expresses. A purpose that the property should be held in its entirety for their issue would naturally and properly have been stated by limiting their shares to life estates. The provision for survivorship did not lessen their respective one-half ownerships, but enlarged them by giving their survivor full

title if the predeceased one left no issue and if on the latter's death the property had not been conveyed by her and the survivor.

If the administrator of the estate of the sister surviving does not need to sell the property in such capacity, the plaintiff as her widower may maintain the petition.

*Case discharged.*

Rockingham, Feb. 2, 1943. } No. 3361.